## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE HOPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 2:25-cv-02197-SHM-tmp |
| | ) | |
| SHELBY COUNTY JUSTICE CENTER, | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE, ASSESSING THE $405 CIVIL FILING FEE, AND DIRECTING CLERK TO MAIL ORDER

On February 24, 2025, Plaintiff Willie Hopson, booking number 23110096, who is incarcerated at the Shelby County Justice Center (the "SCJC"), in Memphis, Tennessee filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). On February 26, 2025, the Court ordered Hopson to file a properly completed *in forma pauperis* affidavit and a current copy of his inmate trust account statement or pay the entire civil filing fee. (ECF No. 3.) On March 27, 2025, Hopson filed a motion for leave to proceed *in forma pauperis* (ECF No. 4 (the "IFP Motion")). Hopson failed to include a copy of his inmate trust account statement. (*See* ECF No. 4.) On April 23, 2025, the Court denied the IFP Motion because Hopson did not provide information to allow the Court to analyze whether Hopson is a pauper for the purpose of payment of the filing fee under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"). (ECF No. 5 (the "Compliance Order").) The Court ordered Hopson to pay the four hundred and five dollar ($405.00) filing fee within thirty (30) days. (*Id*. at PageID 15.) The Court warned Hopson that "[f]ailure to pay the fee in a timely manner will result in the dismissal of this action without further

notice pursuant to Federal Rule Civil Procedure 41(b) for failure to prosecute and failure to comply with this Order." (*Id.*)

Hopson's deadline to comply with the Compliance Order was Friday, May 23, 2025. (*See id.* at PageID 15.) Hopson has not complied with the Compliance Order or filed other documents in this case. It appears Hopson has abandoned this action. Accordingly, this case is **DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for Hopson's failure to prosecute and failure to comply with the Compliance Order. "Rule 41(b) authorizes dismissal if the plaintiff fails to prosecute or to comply with these rules or a court order." *Moore v. Erickson*, No. 22-2134, 2023 WL 9023353, at *2 (6th Cir. Pct. 5, 2023).

Notwithstanding the dismissal of this action, the Court is required to assess the civil filing fee because the responsibility for paying the filing fee accrues when the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to § 1915(g) did not obviate the obligation to pay the filing fee).

It is **ORDERED** that Hopson cooperate fully with prison officials in carrying out this order. It is further **ORDERED** that the trust fund officer at Hopson's prison shall withdraw from Hopson's trust fund account the sum of four hundred and five dollars ($405.00) and forward that amount to the Clerk of this Court. If the funds in Hopson's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Hopson's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Hopson's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer

is not required to remit any balances less than ten dollars ($10.00), unless that amount would constitute the final installment of the civil filing fee, provided that any balance under ten dollars ($10.00) is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Hopson's account to bring the balance to ten dollars ($10.00).

Each time that the trust fund officer makes a payment to the Court as required by this Order, the trust fund officer shall print a copy of Hopson's account statement showing all activity in the account since the last payment under this Order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District Tennessee
167 N. Main, Ste. 242
Memphis, TN 38103

and shall clearly identify Hopson's name and the case number as it appears on the first page of this order. If Hopson is transferred to a different prison or released, Hopson is **ORDERED** to notify the Court immediately of Hopson's change of address. If still confined, Hopson shall provide the officials at the new prison with a copy of this Order. If Hopson fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Hopson's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is **ORDERED** to mail a copy of this Order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of Hopson's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate

Procedure 24(a), that any appeal in this matter by Hopson would not be taken in good faith.  Leave

to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.

IT IS SO ORDERED this _10th_ day of June, 2025.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE